IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON G. DICKERSON              :
                                :
       v.                       :     CIVIL NO. CCB-12-3484
                                :     Criminal No. CCB-09-0402
UNITED STATES OF AMERICA        :
                          ...o0o...

# **MEMORANDUM**

Federal prison inmate Damon G. Dickerson has filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in connection with his guilty plea to unlawful possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). By agreement, Dickerson was found to be an armed career criminal under 18 U.S.C. § 924(e), with a guidelines range of 188 to 235 months, and on January 6, 2011, he was sentenced to 188 months in the custody of the Bureau of Prisons. His plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and included a waiver of appeal. Based on that waiver, the Fourth Circuit denied the appeal he filed claiming he had been improperly sentenced as an armed career criminal. *United States v. Dickerson*, 457 F. App'x 232 (4th Cir. 2011).

Dickerson now alleges that trial counsel was ineffective in advising him to plead guilty as an armed career criminal and in failing to challenge the search of his car and apartment that led to the recovery of cocaine, cocaine base, and several firearms. He has failed to show either deficient performance or prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

First, the only issue concerning the armed career criminal designation was the validity of a 1995 conviction. That issue was explored thoroughly by counsel with Dickerson, as confirmed by the court on the record in the course of the Rule 11 proceeding and the sentencing.

1

Rearraignment Tr. 5-7, 16-28, Nov. 9, 2010, ECF No. 63; Sentencing Tr. 5-9, Jan. 6, 2011, ECF No. 62. Had Dickerson gone to trial, been convicted of the firearms charge, and been found to be an armed career criminal, his guideline range would have been substantially higher. He also faced the possibility of an enhancement under 21 U.S.C. § 851 and another firearms charge under 18 U.S.C. § 924(c), requiring a consecutive sentence. Rearraignment Tr. at 29-32. With his plea and acceptance of responsibility, he received an 11(c)(1)(C) recommendation, which the court accepted, for the low end of the guidelines at 188 months. This was a significant benefit counsel obtained for Dickerson, which he voluntarily accepted.[1]

Second, Dickerson has shown no likelihood that a challenge either to the stop and search of his car, which occurred in the course of his arrest on an active warrant, or to the warrant for a search of his apartment, would have been successful.[2]

In summary, Dickerson has shown no basis for relief under 28 U.S.C. § 2255 nor has he presented any arguments that would support a certificate of appealability under 28 U.S.C. 2253(c). Accordingly, his petition will be dismissed by a separate Order, which follows.

<u>December 31, 2013</u>　　　　　　　　　　　　　　<u>　　　　/s/　　　　　　　　　　</u>
　　Date　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Dickerson also stated under oath that he was satisfied with counsel's representation. Rearraignment Tr. at 13-14.
[2] On the record at his guilty plea, Dickerson also waived his right to litigate pretrial motions. Rearraignment Tr. at 11-12.