IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-09-402 |
| DAMON GERARD DICKERSON | * | |

*******

## MEMORANDUM

Damon Dickerson is a forty-eight-year-old federal prisoner who is serving a 188-month sentence for the possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). Dickerson has served 141 months, seventy-five percent of his sentence. Now pending is Dickerson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on underlying health conditions that make him particularly susceptible to serious illness related to COVID-19. (ECFs 102, 107).[1] The government opposes the motion. (ECF 109). For the reasons explained below, the motion will be granted and Dickerson's sentence will be reduced to time served, followed by a three-year term of supervised release of which Dickerson will serve eighteen months on home confinement.

---

[1] Dickerson, either himself or through counsel, supplemented his motion with information regarding conditions at FCI Allenwood, where he is currently incarcerated. (ECF 112, 113, 114, 116, 117, 119, 120, 123.) The court considers those supplements. Dickerson also brought a pro se motion requesting that the court order the BOP to transfer him to a residential reentry center ("RRC") and then to home confinement to serve the remainder of his sentence. (ECF 118). The court is without the authority to direct the BOP to do so. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)). Because the court concludes that Dickerson's motion for sentence reduction is meritorious and will reduce his sentence to time served, Dickerson's motion requesting RRC placement and home confinement will be denied as moot.

## BACKGROUND

On March 5, 2009, Baltimore Police officers initiated a traffic stop of Dickerson's vehicle after identifying him as the subject of an active arrest warrant. During a subsequent search of his person and of his vehicle, police recovered twenty-three small plastic bags containing substances later determined to be cocaine base or cocaine. Officers then obtained a search warrant for Dickerson's home. During the search of Dickerson's home, officers located additional cocaine base, marijuana, and three firearms, two of which were loaded, and one of which had been reported stolen. (ECF 42, Plea Agreement, at 8–9). At the time of his arrest, Dickerson had three prior felony convictions, including 1995 and 1999 convictions for possession with intent to manufacture, distribute, or dispense a controlled dangerous substance and a 2003 conviction for distribution of a controlled dangerous substance and second-degree assault. (*Id.* at 8). In November 2010, Dickerson pled guilty to one count of possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set

forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On April 6, 2020, Dickerson filed an administrative request for compassionate release to the warden of FCI Allenwood. (*See* ECF 102-1). His request was denied later that month. (ECF 102-3). The government does not contest that Dickerson's motion is properly before the court. (*See* ECF 109 at 4). Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Dickerson's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Dickerson argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (type II diabetes, obesity, hypertension, and asthma) constitutes an

"extraordinary and compelling reason" to reduce his sentence. The CDC has warned that individuals with type II diabetes or obesity "are at increased risk of severe illness" from COVID-19, that individuals with hypertension or asthma "might be at an increased risk for severe illness" from COVID-19, and that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020). Further compounding the risk to Dickerson is the mere fact of his incarceration, *see, e.g.*, *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19.").

The government does not contest that the risk of serious illness posed by Dickerson's underlying conditions constitute an extraordinary and compelling reason for a sentence reduction, but argues that in order to be eligible for relief, Dickerson must also demonstrate that he is not a danger to the community under 18 U.S.C. § 3142(g). (ECF 109 at 16, 20). For this asserted requirement, the government cites U.S.S.G. § 1B1.13, which advises that in order to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), the court must determine (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the reduction is consistent with the U.S.S.C's policy statements. But as the Fourth Circuit recently held, U.S.S.G. § 1B1.13 applies only to motions for sentence reduction brought on behalf of defendants by the BOP and thus is not applicable to Dickerson's motion. *See McCoy*, 981 F.3d at 281–82. The court also notes that this requirement in the Guidelines appears to contradict the text of § 3582(c)(1)(A), which states that the court may grant compassionate release, "after considering the factors set forth in section 3553(a) . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction; *or* (ii) the defendant is at least 70

4

years of age, has served at least 30 years in prison . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of the community, as provided in section 3142(g)." (Emphasis added.). At any rate, in addressing the § 3553(a) factors, the court considers the need for the sentence to "protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(C), an inquiry which implicitly requires the court to assess Dickerson's danger to the community. The court thus concludes that Dickerson's risk of severe illness from COVID-19 is an "extraordinary and compelling reason" to consider him for a reduction in sentence and that he is eligible for compassionate release.

Of course, Dickerson's eligibility for compassionate release does not guarantee relief. The court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

The government opposes Dickerson's release under these factors on the basis that Dickerson is a potential danger to the community and that a sentence reduction would not be sufficient to deter him after his repeated drug trafficking offenses. Without minimizing Dickerson's prior criminal conduct, which, as explained above, is significant, the court considers it alongside Dickerson's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). Dickerson has completed twenty-four courses during his time with the BOP and has maintained a work assignment. (ECF 102-4 at 1–2). He has a limited and nonviolent disciplinary record during his incarceration that does not reveal him as likely to reoffend and does not clearly present an inability on his part to comply with supervision. On the contrary, Dickerson has been deemed a low security risk and has been determined eligible for home confinement in February 2022. (*See* ECF 109-4 at 2). Additionally, U.S. Probation has determined that Dickerson's release plan is suitable. Dickerson has now served more than a decade in prison, by far his lengthiest prison

5

term after serving largely suspended sentences for his prior state convictions. (*See* ECF 42, Plea Agreement, at 8). He has served the vast majority of his sentence, is eligible for release in one year, and agrees to serve up to twenty-four months, the majority of his existing thirty-six month term of supervised release, on home confinement. After reviewing his history, the court is persuaded that accelerating Dickerson's release by a year poses a minimal risk to the community and is sufficient to provide just punishment for the offense and to deter further criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of reducing Dickerson's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Dickerson of severe illness from COVID-19 should he remain in prison, leads the court to conclude that Dickerson is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Dickerson's motion for compassionate release (ECFs 102, 107) will be granted and his sentence will be reduced to time served. The associated motions to seal (ECFs 108, 110) are granted to protect the confidentiality of personal medical information. Dickerson's pro se motion for RRC placement and home confinement (ECF 118) will be denied as moot.

The terms and conditions of supervised release to which Dickerson was sentenced will remain in place, with the additional condition that Dickerson will spend the first eighteen months of supervised release on home confinement, to be monitored by U.S. Probation, using location monitoring technology at the discretion of the Probation Officer. For the eighteen-month home confinement period, Dickerson shall not leave the address approved by U.S. Probation except for activities approved in advance by U.S. Probation. In addition, he will be required to comply with all

directives of federal, state, and local governments related to public health issues, including COVID-19. A separate order follows, which will be stayed for up to fourteen days to make appropriate travel arrangements and to ensure Dickerson's safe release, including by placing Dickerson in quarantine for a period of fourteen days and to evaluate him for the purposes of receiving a medical clearance.

1/26/21  
Date

      /S/  
Catherine C. Blake  
United States District Judge